SARAH SOUZA *vs.* JOSEPH BECKER & another.

Suffolk.   December 8, 1938. — December 28, 1938.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Termination of relation, Existence of relation, Tenancy at will, Landlord's liability to third person, Liability for nuisance. *Tenants by the Entirety. Nuisance. Evidence.* Competency.

A conveyance by the owner of real estate through a third person to himself and his wife as tenants by the entirety terminated a tenancy at will existing before the conveyance, and evidence that for four years thereafter the tenant enjoyed the same privileges as before and paid rent as before to the husband's collector, warranted a finding that there was a new tenancy at will under the new owners.

A husband and wife, owning real estate as tenants by the entirety, were liable for damage resulting to a traveller on an adjacent sidewalk from a nuisance which was in existence on the real estate when they so took title under conveyances from the husband through a straw and let the premises to a tenant at will who did not agree to abate the nuisance, although that tenant also had been a tenant of the husband under a tenancy which began when no such nuisance existed.

No error appeared in a refusal to strike out an answer of a witness in cross-examination which was responsive to a part of the question asked.

TORT.   Writ in the Superior Court dated August 30, 1933.

There was a trial before *Sheehan,* J., and a verdict for the plaintiff in the sum of $1,500.   Both parties alleged exceptions.

*J. P. Rooney,* for the plaintiff.

*John J. Sullivan,* for the defendants.

RONAN, J.  The plaintiff was travelling upon the sidewalk of a street, on the afternoon of March 30, 1933, and was struck by a piece of glass from a window situated in the third story of the defendants' dwelling house, which abutted upon the highway.  The defendant Joseph Becker, who had owned the premises since 1930, conveyed them on March 21, 1933, through his son as a conduit, to himself and his wife, the other defendant, as tenants by the entirety.  There was a single tenement upon the third floor.  It had been occupied by a Mrs. Almon since January, 1932, and up to the time of the trial, which occurred nearly four years after the accident.

There was evidence that the glass which struck the plaintiff came from an upper pane of a window of four panes of glass, each twenty-four inches long and twelve inches wide; that the lower portion of the pane in question remained in the window, being secured on one side by putty, on the other side by a brad, and at the base by putty which would crumble when touched; that the upper part of the sash, where the glass was missing, was bare, weatherbeaten and showed no traces of putty; and that the whole window was loose in its frame.  There was other testimony that the wind, whose velocity at the time of the accident was sixteen miles an hour, would cause the window to shake in its frame, and would break a pane of glass attached to the sash as this pane was.  The plaintiff excepted to the direction of a verdict for the defendants upon the first count of the declaration.  The defendants excepted to the refusal of the judge to grant their motion for a directed verdict upon the second count, which charged the defendants with the maintenance of a nuisance.  In answer to questions submitted to them the jury found (1) that the pane of glass was not in such dangerous condition on January 1, 1932, as to constitute a nuisance, and (2) that on March 21, 1933, it was in such condition.  The jury returned a verdict for the plaintiff on the second count.

The defendants contend that the tenancy of Mrs. Almon was unaffected by the conveyances on March 21, 1933; that she continued as a tenant at will of the defendant

Joseph Becker; that she was in control of the window; and that the defendants were not responsible for its condition.

The tenancy at will of Mrs. Almon had been terminated by the conveyances by Joseph Becker to his son and by the latter to the defendants as tenants by the entirety, although the tenant had no notice of the transfers of title. *Curtis* v. *Galvin,* 1 Allen, 215. *Dixon* v. *Smith,* 181 Mass. 218. *Burke* v. *Willard,* 243 Mass. 547. The defendants rely upon *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43, in which it was held that the transfer of a tax title by the wife of the insured (in which the insured joined by releasing his tenancy by curtesy) through a conduit to her husband was not a sale of the property by the husband in violation of the terms of the policy. The effect of the transfers of March 21, 1933, is to be determined not by any contract of insurance but by familiar principles of law that establish the respective rights of tenants by the entirety in the defendants' property, which were created by such transfers. Without enumerating in detail the specific changes in the proprietary interests of the husband and wife which were established by these conveyances, it is sufficient to say that their previous interests were materially altered by the deed to them as tenants by the entirety. See *Hoag* v. *Hoag,* 213 Mass. 50; *Raptes* v. *Pappas,* 259 Mass. 37; *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486. The wife had secured a new and different right in the property, and we think that the transfers terminated the tenancy at will of Mrs. Almon. *McFarland* v. *Chase,* 7 Gray, 462.

The jury, however, could find that the defendants always intended that Mrs. Almon should continue as a tenant at will and that she was desirous of doing so. Her possession was never wrongful or against the consent of the defendants. She was never considered as a mere licensee. *Margosian* v. *Markarian,* 288 Mass. 197, 199, and cases cited. She continued to enjoy the same privileges and accommodations before and after the transfer of title to the defendants and at the same rental. She did not dispute the right of the

defendant Joseph Becker to collect the rents and she continued to pay the rent to the same person. There was no change in the identity of the one entitled to the rents. The conveyance to Joseph Becker as one of the tenants by the entirety did not change the right he previously had, as owner, to collect and receive the rents for his own use. *Cunningham* v. *Ganley*, 267 Mass. 375. *Peter* v. *Sacker*, 271 Mass. 383. The tenant meant to and did pay for the occupancy of her tenement, and it was apparently a matter of indifference to her whether Joseph Becker was entitled to collect the rents as sole owner of the property or as a tenant by the entirety, *Boston Ice Co.* v. *Potter*, 123 Mass. 28; *Lunn & Sweet Co.* v. *Wolfman*, 256 Mass. 436, even if the nature of his ownership could be assumed to be of any materiality to the tenant. *Lindsey* v. *Leighton*, 150 Mass. 285. *Crowe* v. *Bixby*, 237 Mass. 249. It was a question of fact for the jury whether after the termination of her tenancy at will by the conveyances of March 21, 1933, she again became a tenant at will of the defendants before the date of the accident. *Edwards* v. *Hale*, 9 Allen, 462. *Leavitt* v. *Maykel*, 203 Mass. 506. *C. A. Spencer & Son Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176. *Moskow* v. *Robinson*, 276 Mass. 16. *Ames* v. *Beal*, 284 Mass. 56.

The jury have found that the condition of the window, at a time when they properly could have found that Mrs. Almon again became a tenant at will, was so dangerous as to constitute a nuisance, and they could further find that she did not agree to repair it, and that the defendants, by letting the premises, had contemplated and authorized the continuance of the nuisance which then existed. *Dalay* v. *Savage*, 145 Mass. 38. *Hill* v. *Hayes*, 199 Mass. 411. *Maloney* v. *Hayes*, 206 Mass. 1. *Howard* v. *Central Amusement Co.* 224 Mass. 344.

We need not decide whether, if Mrs. Almon were a tenant at sufferance, having only mere possession but standing in no privity with the owners and so under no obligation to repair her tenement, *Benton* v. *Williams*, 202 Mass. 189, 192; *Margosian* v. *Markarian*, 288 Mass. 197,

199, the jury could have found that at the time of the accident the control of the tenement was in the defendants, including the window which, upon the special finding of the jury, constituted a nuisance, to the same extent as if the tenement upon the third floor were vacant. *Cunningham* v. *Cambridge Savings Bank,* 138 Mass. 480. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103. *Moss* v. *Grove Hall Savings Bank,* 290 Mass. 520. *Gilroy* v. *Badger,* 301 Mass. 494.

The defendants, in cross-examination, asked a witness whether or not he made a note of the condition of the window at the time he examined it "although he was only interested through curiosity," and they excepted to the refusal to strike out the answer: "Yes; and it was a very dangerous condition. That is why I made a note of it; that is why I seemed to remember it so well." The answer was responsive to that part of the question as to making a note of conditions and to the remaining portion relative to the curiosity of the witness. There was no error. *Quinn* v. *Standard Oil Co. of New York,* 249 Mass. 194. *Di Rienzo* v. *Goldfarb,* 257 Mass. 272.

As the plaintiff's counsel stated at the argument that he did not desire to have his exceptions considered unless the defendants' exceptions were sustained, they are deemed to be waived. *Salem* v. *Salem Gas Light Co.* 241 Mass. 438.

*Plaintiff's exceptions waived.*

*Defendants' exceptions overruled.*