MARY FERRIGNO *vs.* BARRY T. O'CONNELL.

Essex.    November 10, 1942. — February 28, 1944.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Landlord and Tenant,* Tenancy at will, Termination of tenancy. *Married Woman. Name.*

A tenancy at will of premises owned by a woman, beginning at a time when title thereto stood in her maiden name, was not terminated thereafter merely by a conveyance of the premises from her to a straw and a simultaneous conveyance from the straw to her in her married name.

CONTRACT. Writ in the District Court of Lawrence dated March 3, 1941.

The case was heard by *Daly,* J. In this court it was submitted on briefs.

*M. Goldstein,* for the defendant.

*R. A. A. Comparone & A. H. Salisbury,* for the plaintiff.

RONAN, J. This is an action of contract to recover two months' rent for the period beginning January 15, 1941. The defendant became a tenant at will of the plaintiff on December 15, 1940, agreeing to pay a rental of $50 a month in advance. Title to the premises at that time stood in the plaintiff's maiden name. The judge found that she conveyed the premises on January 14, 1941, to one Concemi and that there was a simultaneous conveyance from him to the plaintiff in her married name. He ruled that the conveyance to Concemi, as matter of law, terminated the tenancy of the defendant, refused three requests of the plaintiff that the tenancy was not thereby terminated, and found for the defendant. The Appellate Division reversed this decision and ordered judgment for the plaintiff. The defendant appealed.

The only question is whether the tenancy was terminated by the conveyance of the premises by the landlord through a conduit to herself in her married name.

The defendant contends that an alienation of the premises by a landlord terminates a tenancy at will of the occupant. It is true that where a landlord conveys the premises to another by deed or lease, or by a conveyance to a third person who immediately conveys to the landlord and others so that the landlord has no further right, title or interest in the premises, or a different right, title or interest therein than he had before the conveyance, the result of the conveyance is to destroy the tenancy at will. *McFarland* v. *Chase,* 7 Gray, 462. *Curtis* v. *Galvin,* 1 Allen, 215. *Lash* v. *Ames,* 171 Mass. 487. *DeWolfe* v. *Roberts,* 229 Mass. 410. *Newman* v. *Sussman,* 239 Mass. 283. *Souza* v. *Becker,* 302 Mass. 28. *Backoff* v. *Weiner,* 305 Mass. 375. This is in accordance with the underlying principle that an inherent quality of an estate at will is that it is personal so that it is determinable at the will of either party and expires with the death of one of the parties and neither party can pass his interest therein by assignment. *Rising* v. *Stannard,* 17 Mass. 282. *Howard* v. *Merriam,* 5 Cush. 563. *Cooper* v. *Adams,* 6 Cush. 87. *King* v. *Lawson,* 98 Mass. 309. *Holbrook* v. *Young,* 108 Mass. 83. *Coughlin* v. *Gray,* 131 Mass. 56. *Hart* v. *Bouton,* 152 Mass. 440. *O'Reilly* v. *Frye,* 263 Mass. 318. *Foley* v. *Gamester,* 271 Mass. 55. *Berman* v. *Shaheen,* 273 Mass. 343.

The transfer of the premises by the plaintiff through a conduit to herself in her married name did not manifest any intent on her part inconsistent with the continuance of the defendant's tenancy, and his tenancy was not terminated unless by operation of law resulting from the aforesaid transfer. Such a transfer did not change her interest in the premises nor create a new interest in any other person. Concemi acted merely as a conduit and had only an instantaneous seisin. His wife could have no dower in the property, and it was not subject to attachment by his creditors. *Haynes* v. *Jones,* 5 Met. 292. *Burns* v. *Thayer,* 101 Mass. 426. *Woodward* v. *Sartwell,* 129 Mass. 210. *Saunders* v. *Bennett,* 160 Mass. 48. *Sprague* v. *Brown,* 178 Mass. 220. In *Borden* v. *Sackett,* 113 Mass. 214, the plaintiff, a tenant at will, who sublet to the defendant, was not

barred from maintaining an action to recover possession of the premises held by the defendant on the ground that the plaintiff had assigned his interest in the premises to a second person, who assigned them to a third person, who assigned them to the plaintiff, all of the assignments being made, executed and delivered at the same time as parts of a single transaction. An instruction that these assignments did not effect a change of title was held to be correct even though the second assignee, whose possession was instantaneous only, had demanded possession of the defendant.

We think, upon the facts found by the judge, that the defendant's tenancy at will was not affected by the transfers carried out in order to put the premises in the married name of the plaintiff. See *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43.

*Order of Appellate Division affirmed.*