FRANK STRYCHARSKI *vs.* JOHN M. SPILLANE & another.

Suffolk.    October 11, 1946. — November 4, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Existence of relation, Tenancy at will, Termination of tenancy, Inspection of premises.  *Notice.*

In an action of summary process under G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1, against a husband and wife for possession of a dwelling house in which they lived together, a verdict should have been ordered for the wife where it did not appear that she had any legal interest in the premises.

General Laws (Ter. Ed.) c. 186, § 13, prevented maintenance of an action of summary process for the possession of a dwelling house after a tenancy at will of the defendant had been terminated by a conveyance to the plaintiff by the defendant's former landlord, where the rent under the former tenancy had been payable monthly and the action was commenced eighteen days after the conveyance and fifteen days after written notice thereof was given by the plaintiff to the defendant.

---

[1] These requests were as follows: "23. The death certificate is prima facie evidence that the insured's death was due to cardiac failure.  24. 'Prima facie' evidence means evidence which not only remains evidence throughout the trial, but, in the absence of evidence to the contrary, compels a finding of the fact of which it is evidence." — REPORTER.

A landlord under a tenancy at will, in the absence of an agreement that he may enter for the purpose of inspection of the premises let, has no such right and cannot terminate the tenancy for refusal to permit him to enter for such purpose.

A landlord could not succeed in an action of summary process for possession of premises let at will where the terms of the letting gave him no right of entry for the purpose of inspection of the premises and he relied on a notice to quit stating as the sole reason for termination of the tenancy that the tenant had refused to allow him to enter to inspect the premises.

A notice given by a landlord to a tenant at will to quit the premises "within a reasonable time from the receipt of this notice, or on or before" the fourteenth day after the date of the notice, was not effective under G. L. (Ter. Ed.) c. 186, § 12, to terminate the tenancy where the rent was payable monthly and had been fully and seasonably paid.

SUMMARY PROCESS.   Writ in the Municipal Court of the West Roxbury District of the City of Boston dated August 18, 1945.

On appeal to the Superior Court, the case was tried before *Giles*, J.

*L. Theran*, for the defendants, submitted a brief.

No argument nor brief for the plaintiff.

WILKINS, J.   This is an action against a husband and wife to recover possession of premises at 1 Roslyn Place, Boston.   G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1.   The judge denied a motion of each defendant for a directed verdict.   The jury returned a verdict for the "plaintiff for possession."

There seems to have been no dispute about the basic facts.   The premises are a nine room dwelling house.   The defendant John M. Spillane (hereinafter called the defendant) for more than five years was a tenant at will of Mrs. Alice G. Johnson and paid rent at the rate of $35 a month.   His wife and two daughters lived with him.   On July 31, 1945, the plaintiff purchased, and received a deed of, the premises from Mrs. Johnson.   On the following evening the plaintiff and Mrs. Johnson went to the house and were admitted by the defendant's wife.   The plaintiff's purpose was to introduce himself as the new owner, to inspect the house, and to ascertain what repairs were necessary.   This was the first that the defendant knew of the

change of ownership. He refused to permit the plaintiff and Mrs. Johnson to inspect the premises, and ordered them to leave, which they did. The plaintiff then sent the defendants a notice, dated August 3, 1945, which notified them to "quit and deliver up within a reasonable time from the receipt of this notice, or on or before the 17th day of August, 1945, the premises #1 Roslyn Place . . .." It also stated, "This notice is given to you for the reason that you have refused to allow me to inspect the premises, to make reasonable repairs, and to protect my property from falling in utter decay and out of repair." There was no evidence as to the condition of the property.

Before the plaintiff went to the house he had received from Mrs. Johnson a check dated July 31, 1945, payable to Alice G. Johnson, and by her indorsed in blank, which bore a notation that it was for the August rent. Subsequently he received two checks payable to him, dated August 31, 1945, and September 30, 1945, which bore notations respectively that they were for the September and October rent. Each check was for $35 and was signed by the defendant's daughter as drawer. The checks were never indorsed or cashed by the plaintiff, who never offered to return them, and never informed the defendant that he wished the rent paid in any other way. The plaintiff testified that he "had never accepted the defendants as tenants," but he also testified that "the rent was paid."

1. The denial of the wife's motion was error. The evidence showed that it was the defendant who was, or had been, the tenant. Although the wife lived with him, it does not appear that she had any interest in the premises. *Meader* v. *Stone*, 7 Met. 147, 150. *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575, 580.

2. There also was error in the denial of the defendant's motion. The tenancy at will had been terminated by the deed from Mrs. Johnson to the plaintiff although the defendant had not had notice of such termination. *Souza* v. *Becker*, 302 Mass. 28, 30, and cases cited. *Ferrigno* v. *O'Connell*, 315 Mass. 536, 537. The notice to quit did not purport to be based on that ground. The plaintiff is con-

fined to the ground assigned in his notice. *Tuttle* v. *Bean,* 13 Met. 275, 277. But, even if it was, this action, which was begun August 18, 1945, could not be brought upon that ground "until after the expiration of a period, equal to the interval between the days on which the rent reserved is payable, from the time when the tenant receives notice in writing of such termination." G. L. (Ter. Ed.) c. 186, § 13.[1] *Mescall* v. *Somerset Savings Bank,* 305 Mass. 575, 577. Here the interval between rent days was one month, and the defendant could not have received the written notice of termination earlier than August 3.

If, notwithstanding the plaintiff's testimony that he never accepted the defendants as tenants, it be assumed that a new tenancy might be found to have been created between the plaintiff and the defendant, the notice was still invalid. Any such new tenancy would be on the basis that the defendant's staying on the premises and making payments of rent — on the old rent days and at the old rate — which were received by the plaintiff without anything being said on either side, indicated a willingness of the plaintiff that there should be a tenancy on the same terms as the former tenancy. *Benton* v. *Williams,* 202 Mass. 189, 192, 193. *Leavitt* v. *Maykel,* 203 Mass. 506, 510. But it had not been a term of the former tenancy that the landlord might inspect the premises for the purpose of making repairs, although refusal to permit such an inspection was the one reason for termination assigned in the notice. In the absence of an agreement that he might enter to inspect the landlord had no such right. *Wurm* v. *Allen Cadillac Co.* 301 Mass. 413, 415. *Wilkie* v. *Randolph Trust Co.* 316 Mass. 267, 270. *Johnson* v. *Kurn,* 95 Fed. (2d) 629, 632 (C.C.A. 8). *Mc-*

---

[1] "Whenever a tenancy at will of premises occupied for dwelling purposes, other than a room or rooms in a hotel, lodging house or rooming house is terminated, without fault of the tenant, either by operation of law or by act of the landlord except as provided in section twelve, no action to recover possession of the premises shall be brought, nor shall the tenant be dispossessed, until after the expiration of a period, equal to the interval between the days on which the rent reserved is payable, from the time when the tenant receives notice in writing of such termination; but such tenant shall be liable to pay rent for such time during the said period as he occupies or detains the premises, at the same rate as theretofore payable by him while a tenant at will."

*Kenzie* v. *Hatton*, 141 N. Y. 6, 8. See *Dickinson* v. *Good-speed*, 8 Cush. 119. Should we nevertheless disregard the reason assigned, the notice being to quit in fourteen days and there being no neglect or refusal to pay rent, the notice was insufficient where the interval between rent days was one month. G. L. (Ter. Ed.) c. 186, § 12.[1] *Connors* v. *Wick*, 317 Mass. 628, 631, and cases cited. *U-Dryvit Auto Rental Co. Inc.* v. *Shaw*, 319 Mass. 684.

*Exceptions sustained.*
*Judgment for the defendants.*

---

[1] "Estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party; and if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment; and in case of neglect or refusal to pay the rent due from a tenant at will, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the tenancy." See now St. 1946, c. 202.