MILDRED MARION & another *vs.* FREDERICK A. BRYSON, JUNIOR, & another.

Middlesex. November 8, 1950. — December 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Existence of relation, Tenancy at will, Landlord's liability to tenant or his family or his invitee, Common stairway. *Negligence,* One owning or controlling real estate.

Evidence, that a few days after a tenancy at will was terminated by a conveyance of the property to a new owner the tenant's wife complained of the condition of a stairway to the new owner upon his introducing himself to her as such, and that the rent for the next rental period after the conveyance was paid to the new owner, warranted a finding that a new tenancy at will was created.

The landlord under a tenancy at will of an apartment was not liable to the wife of the tenant for injuries which she sustained a few days after the letting through falling when one of the steps of a common stairway broke because of a rotten, split and broken condition of the stringers, where, although the step at the time of the accident was not in as good condition as it appeared to be in at the time of the letting, the defective condition of the stringers was concealed and there was no evidence of negligence on the part of the landlord.

TORT. Writ in the Superior Court dated January 10, 1947.

The action was tried before *Fairhurst,* J., who ordered verdicts for the defendants. The plaintiffs alleged exceptions.

*J. C. Webb,* for the plaintiffs.
*A. B. Goodspeed,* for the defendants.

LUMMUS, J. This is an action of tort for personal injuries to the plaintiff Mildred Marion, with a count for consequential damages. to her husband, the plaintiff Harry Marion. St. 1939, c. 372, § 1, now G. L. (Ter. Ed.) c. 231, § 6A. There was evidence tending to prove the following. Prior to June 24, 1946, the male plaintiff had been a tenant at will of an apartment in a building owned by the defendants' predecessor in title. The conveyance to the defendants on that date terminated that tenancy at will, and converted the tenancy into a tenancy at sufferance. *Souza* v. *Becker,* 302 Mass. 28. *Ferrigno* v. *O'Connell,* 315 Mass. 536, 537. *Strycharski* v. *Spillane,* 320 Mass. 382, 384. *Jones* v. *Webb,* 320 Mass. 702, 703. *Farris* v. *Hershfield,* 325 Mass. 176, 177–178. About June 27, 1946, the male defendant introduced himself to the female plaintiff as the new owner. She complained to him of the condition of the stairs at the rear of the building, which formed a common passageway for the use of all the tenants. She said that nails were sticking up and the boards were split and loose. He took a hammer and pounded the nails in and put in some new nails. She then found the steps in better condition than they were in before, and "pretty steady."

The rent for June had been paid, and about July 1 the rent for July was paid to the defendants. It could have been found that a new tenancy at will was created. *Souza* v. *Becker,* 302 Mass. 28, 31. *Staples* v. *Collins,* 321 Mass. 449, 451.

In *Sneckner* v. *Feingold,* 314 Mass. 613, 614, we said, "The general rule as to the liability of a landlord to a tenant and, among others, to a member of the tenant's family . . . for defects in a common passageway, is well settled. The landlord owes a duty, not to keep the common passageway in as good a condition as that in which it was or appeared to be at the time of the letting, but rather to use reasonable care to do so." *Fernandes* v. *Medeiros,* 325 Mass. 293, 295. *Gill* v. *Jakstas,* 325 Mass. 309, 312. *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 480–481. *Baldwin* v. *Williams, ante,* 177, 179.

On July 5, 1946, the female plaintiff fell while descending the stairway in question, because the outside one of three boards constituting the tread of the bottom step, and the riser attached thereto, broke off under her weight. Inspection of the then exposed stringers disclosed that they were badly rotted, split and broken. In cross-examination the male defendant testified that he "experienced no difficulty" in driving nails into the stairs when he repaired them, and that after the accident he saw a board missing from the tread with nails sticking out of it straight, not bent at all. There was no evidence that the male defendant found any abnormal lack of resistance when driving the nails.

It sufficiently appeared that the stairs did not remain, at the time of the accident, in as good a condition as that in which they appeared to be when the new tenancy at will began about July 1, 1946. But we find no evidence of negligence on the part of the defendants. *Berg v. Elder*, 290 Mass. 540. The defect appears to have been a concealed one, unknown to both parties. There was no error in directing verdicts for the defendants.

The plaintiffs excepted to the exclusion of the records of registration of the premises as rental dwelling accommodations with the Office of Price Administration. We need not determine whether these records were properly excluded under *Gerry v. Worcester Consolidated Street Railway*, 248 Mass. 559, 567–568. We find nothing in them imposing upon the defendants any greater duty than our common law imposes.

*Exceptions overruled.*