JOSEPH L. FENNO *vs.* ALBERT E. ROBERTS.

Suffolk.    March 6, 1951. — May 2, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant*, Lights, Common stairway, Tenancy at sufferance, Tenancy at will, Landlord's liability to tenant or his family or his invitee. *Building Laws. Boston.*

A conveyance of an apartment building to a new owner converted a tenancy at will of an apartment therein into a tenancy at sufferance, during the existence of which the new owner owed the tenant no duty of due care respecting a common stairway.

The duty of a landlord of an apartment building to a tenant at will of an apartment to use reasonable care to keep a common stairway in as good condition as it appeared to be in at the time of the beginning of the tenancy did not include maintenance of a light on the stairway where it appeared that maintenance of a light there had ceased several days before that time.

A landlord of an apartment building is not bound to light a common stairway in the absence of a contractual or statutory obligation to do so.

Failure of the owner of an apartment building to maintain a light on a common stairway in breach of a promise, not supported by consideration, made by him to a tenant at will of an apartment after the beginning of the tenancy did not give rise to liability in tort of the owner to the tenant for personal injuries resulting from a fall on the unlighted stairway.

The requirements as to lighting in St. 1938, c. 479, § 1819 (c) did not apply to an apartment building in Boston erected long before the enactment of the statute.

TORT. Writ in the Superior Court dated January 15, 1948.

The action was tried before *Swift,* J.

*L. Karp,* (*J. Klarfeld* with him,) for the defendant.

*A. E. Kahn,* for the plaintiff.

LUMMUS, J. The plaintiff, one of several tenants in an apartment building in Boston owned by the defendant, brought this action of tort to recover for personal injuries sustained in the early evening of January 5, 1948, when the plaintiff fell on an unlighted common stairway leading from the street to his second floor apartment, above a store, and then to the floor above. The plaintiff had a verdict. The defendant excepted, among other things, to the denial of his motion for a directed verdict in his favor.

The plaintiff became a tenant at will on April 1, 1947, when the owner and landlord was Columbia National Life Insurance Company. The building was conveyed to the defendant on October 1, 1947. Up to that time there was a janitor, and the light on the stairway was kept lighted all the time. Two or three days after October 1, 1947, the light ceased to be maintained. The plaintiff first met the defendant not earlier than October 7, 1947, when the plaintiff told him that the light in question was out of order, but the defendant made no promise to repair it.

The conveyance to the defendant on October 1, 1947, converted the plaintiff's tenancy into a tenancy at sufferance. *Marion* v. *Bryson,* 326 Mass. 618. While the plaintiff remained a tenant at sufferance, the defendant owed him

no duty of care. *Galjaard* v. *Day*, 325 Mass. 475, 476. The plaintiff could not have become a tenant at will of the defendant before October 7, 1947, for there is no evidence that he and the defendant had any communication or dealing before that date. When the plaintiff became a tenant at will, the general rule applied that the defendant owed him the duty to use reasonable care to keep the common stairway in as good condition as it appeared to be when the tenancy at will began. *Sneckner* v. *Feingold*, 314 Mass. 613, 614. *Marion* v. *Bryson*, 326 Mass. 618, 619. *Sordillo* v. *Fradkin*, 282 Mass. 255, 257. The lighting of the stairway was not a part of its condition when the tenancy began, because at that time the light had ceased to be maintained for several days.

In the absence of contractual or statutory obligation, it is settled that a landlord is not bound to light a common stairway. *McGowan* v. *Monahan*, 199 Mass. 296, 298. *Stone* v. *Lewis*, 215 Mass. 594, 597. *Polansky* v. *Heller*, 241 Mass. 484, 485. *Carey* v. *Klein*, 259 Mass. 90, 92. *Rodde* v. *Nolan*, 281 Mass. 493, 497. *Sodekson* v. *Lynch*, 298 Mass. 72. *Heilbronner* v. *Scahill*, 303 Mass. 336, 337. *Donnelly* v. *Larkin, ante,* 287. There is no evidence that the defendant ever promised the plaintiff himself to light the stairway.

There was, however, evidence that in December, 1947, the plaintiff's wife complained to the defendant about the absence of light, and the defendant promised her that he would put the light on. There was no evidence that the wife threatened to quit the premises unless the light should be restored (*Withington* v. *Rome*, 258 Mass. 188), or of any other form of consideration for the promise. *Bailey* v. *First Realty Co.* 305 Mass. 306. In a case where the plaintiff was hurt by a fall through a weak balustrade around a second floor piazza, and the defendant had failed to keep his promise to repair the defect, this court said, "Even if the promise was founded upon a valuable consideration, its breach by mere omission to act gave rise only to an action of contract and not to an action of tort." *Sordillo* v. *Fradkin*,

282 Mass. 255, 257. See also *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236, 239, 242; *Bailey* v. *First Realty Co.* 305 Mass. 306, 307; *Cleary* v. *Union Realty Co.* 300 Mass. 312, 313; *Blood* v. *Dewey*, 315 Mass. 500, 504.

The plaintiff contends that the defendant was under a statutory obligation to light the stairway. *Sodekson* v. *Lynch*, 298 Mass. 72, *S. C.* 314 Mass. 161. *Heilbronner* v. *Scahill*, 303 Mass. 336. *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483, 487. The statute relied on by the plaintiff is St. 1938, c. 479, "An Act for codification, revision and amendment of the laws relative to the construction, alteration and maintenance of buildings and other structures in the city of Boston." By § 1001 of that statute, an apartment house accommodating more than two families above the first story, with kitchens in the individual apartments, as the one in question did, was classified in Group H, Division 2. By § 1819 (c) "Required stairways, passageways, corridors and other exits" in a Group H apartment house "shall be kept adequately lighted when the building is occupied, or shall be provided with approved means for lighting which can be turned on by an occupant at a convenient point or points." But with immaterial exceptions, the statute applied (§ 107) only to buildings or structures "hereafter" erected in the city of Boston. It did not apply to the building in question, which, according to all the evidence, was sixty years old. And see *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483.

We think that the motion for a directed verdict in favor of the defendant should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*