J. CHARLES STEDFAST *vs.* REBON REALTY CO., INC.

Suffolk.    November 7, 1955. — December 12, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Tenancy at will, Termination of tenancy, Contract of letting. *Negligence,* Invited person.

The mere fact that the owner of a business building retained control of a common outside stairway thereof did not show a direct invitation by him to a business visitor of a tenant in the building to use the stairway. [349]

A tenancy at will in a business building was terminated by a conveyance of the property to a new owner, even though the tenant had no notice of the conveyance. [350–351]

A certain corporation, although controlled by persons conveying business
premises to it, would not owe to a business visitor of one whose tenancy
at will under such persons had been terminated by the conveyance
and who subsequently had become a tenant at will of the corporation
under a new tenancy a duty to use reasonable care to keep a common
outside stairway of the premises in as good condition as it was or ap-
peared to be in at the time of creation of the previous tenancy under the
former owners; and in an action by the visitor against the corporation
for injuries sustained through falling on the stairway instructions to
the jury limiting their consideration of the condition of the stairway
to the period from the time of the conveyance to the time of the fall
did not prejudice the plaintiff.   [351]

TORT. Writ in the Superior Court dated July 10, 1951.

The action was tried before *Hudson*, J.

*Thomas D. Burns & Lee M. Friedman*, for the plaintiff.

*Walter F. Henneberry*, for the defendant.

WHITTEMORE, J. This is an action of tort tried to a jury
in which the plaintiff seeks to recover for injuries sustained
on January 23, 1951, when he fell on an outside stairway
leading from the premises 44 South Street, Boston, to the
street. The plaintiff was a business invitee of a tenant of
the premises.

The defendant, a corporation, was the owner of the prem-
ises at the time, having taken title in December, 1950,
by deed dated December 15, 1950. The jury found for the
defendant.

The plaintiff duly excepted to that part of the charge in
which the judge restricted the jury to considering the con-
dition of the steps, and any change in the condition of the
steps, in the period from December 15, 1950, to January 23,
1951.

In *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, after
a review of the Massachusetts decisions, we reaffirmed as
settled law in this jurisdiction that the owner of a business
building does not by the fact of retaining control of the
common approaches, without more, extend a direct invita-
tion of his own to persons who come to do business with
his tenants and that such persons are limited to the rights
of the tenant. That being the settled law of Massachusetts,
we find no error to the prejudice of the plaintiff in the charge.

The following facts were not in dispute: The defendant corporation took title from Onne and Rebecca Abromson, who owned the premises from May 29, 1947. Onne and Rebecca Abromson controlled the corporation. Their son had a small interest in it. Onne Abromson was president, treasurer, and a director. Rebecca Abromson was a director. The plaintiff's business invitor was a tenant of the property from 1940 and was a tenant at will of the Abromsons under a tenancy beginning not later than 1948. The demands for rent sent on December 1, 1950, and January 1, 1951, for rent in advance, were on printed forms each headed "O. Abromson   20 Kilby Street   Boston 9, Massachusetts." The tenant paid in each case by check to the order of O. Abromson. The check of January 2, 1951, had the stamped indorsements "O. Abromson" and "For the deposit of Rebon Realty Co., Inc."

Onne Abromson testified, as to notice of change of ownership, that he believed "something was sent out by the attorney . . . if it wasn't in writing, it certainly was by word of mouth." A date of such notice was not given.

The surface of the treads of the steps was composed of glass buttons and steel studs and there was evidence that on January 23, 1951, parts of the treads were worn and smooth. There was evidence of their condition in December, 1950, and in 1947 and 1948.

The defendant owed the plaintiff the same duty that it owed its tenant, the plaintiff's business invitor, that is, to use reasonable care to keep the steps in as good a condition as that in which they were, or appeared to be, at the time of the creation of the tenancy. *Sullivan* v. *F. W. Woolworth Co.* 305 Mass. 378, 379. *Sneckner* v. *Feingold*, 314 Mass. 613, 614. *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 172, and cases cited. *Marion* v. *Bryson*, 326 Mass. 618, 619. *Donnelly* v. *Larkin*, 327 Mass. 287, 290. *Fenno* v. *Roberts*, 327 Mass. 305, 307.

The tenancy at will from the Abromsons ended with the conveyance to the defendant corporation. *Farris* v. *Hershfield*, 325 Mass. 176, 177–178. *Marion* v. *Bryson*, 326

Mass. 618, 619. This was so even though the tenant had no notice of the transfer of title. *Souza* v. *Becker*, 302 Mass. 28, 30, and cases cited. *Strycharski* v. *Spillane*, 320 Mass. 382, 384.

Assuming that the payment and acceptance of rent on January 2, 1951, could have been found to create a new tenancy at will (*Staples* v. *Collins*, 321 Mass. 449, 451, *Marion* v. *Bryson*, 326 Mass. 618, 619), nevertheless, the tenant was at sufferance in any event from December 15, 1950, to January 2, 1951, in which period the defendant owed him and his invitees no duty of care (*Fenno* v. *Roberts*, 327 Mass. 305, 306–307), and permitting the jury to consider the condition of the steps on December 15, 1950, and changes thereafter, did not prejudice the plaintiff.

Assuming that the demand of January 1, 1951, and the payment on January 2, 1951, could have been found to create a new tenancy on the same terms as the former tenancy (*Strycharski* v. *Spillane*, 320 Mass. 382, 385), there is no basis, as the plaintiff contends, for considering the obligation of the former owners and landlords to use reasonable care to maintain the premises in their 1948 condition as a term of the new tenancy. No estoppel is shown and there is no basis for a finding that the formation of the defendant or the transfer to it was not bona fide. The plaintiff sued the defendant as the owner.

Exceptions of the plaintiff to the refusal to give two requests for instructions were not separately argued and what we have said disposes of the issues which they raise.

The defendant excepted to a failure to direct a verdict. This exception need not be considered.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions dismissed.*