BEATRICE B. AULD *vs.* WILLIS E. JORDAN.

Essex. December 11, 1959. — January 5, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Landlord and Tenant,* Existence of relation, Tenancy at will, Termination of tenancy, Landlord's liability to tenant or one having his rights.

A tenancy at will of an apartment in a building was terminated by a conveyance of the building by the landlord to a corporation even if the tenant had no notice of the conveyance and the former landlord still considered himself to be the landlord and rent receipts continued to be signed in his name; and, even if a new tenancy was created after the conveyance, the former landlord was not liable for personal injuries sustained by the tenant after its creation by reason of an apparent defective condition of a common passageway existing at the time of its creation although not existing at the time of the creation of the original tenancy.

TORT. Writ in the Superior Court dated November 18, 1957.

A verdict for the defendant was directed at the trial before *Thompson, J.,* and the plaintiff alleged exceptions.

*Philip D. Epstein,* for the plaintiff.

*Andrew R. Linscott,* for the defendant.

CUTTER, J. The plaintiff was injured by a fall in a common passageway near a building in Gloucester on August 4, 1957. She became a tenant in this building in August, 1943, when the premises were owned by the defendant, Jordan, as trustee under a will. Jordan became owner in his own right upon the death of the life beneficiary of the trust. Thereafter, he conveyed the property "through a straw" to himself and his wife. On July 24, 1956, he and his wife con-

veyed the property, with various other parcels of land, to
W. E. Jordan & Sons, Inc., a Massachusetts corporation.
There was evidence that the plaintiff was not notified of
any of the foregoing transfers. Jordan testified that he
always "considered himself the landlord and intended to
be the landlord," and that "he never made any representa-
tion to the plaintiff that he was not the landlord." At all
times here relevant "all rent receipts were signed by . . .
Jordan or by Mrs. Jordan in . . . [his] name." The forms
were never changed "because he had on hand a large number
of receipts printed in his own name." At "the beginning
of the tenancy [in 1943] the . . . passageway was level
but . . . at some time in 1950 . . . there was a tilting of
the concrete slab where the plaintiff stubbed her toe."

The judge, subject to the plaintiff's exception, correctly
directed a verdict for Jordan. "The tenancy at will . . .
ended with the conveyance to the . . . corporation. . . .
This was so even though the tenant had no notice of the
transfer of title." *Stedfast* v. *Rebon Realty Co. Inc.* 333 Mass.
348, 350–351, and cases cited. See Hall, Landlord and
Tenant (Adams and Wadsworth, 4th ed.) § 189; Swaim,
Crocker's Notes on Common Forms (7th ed.) § 729. As-
suming that a new tenancy at will was created upon the re-
ceipt of rent after the conveyance to the corporation, the li-
ability of the corporate landlord and those acting for it was
merely (see *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170,
172) to use reasonable care to maintain the common pas-
sageway, if the landlord retained control of it, in as good a
condition as that in which it was, or appeared to be, at the
time of the creation of this new tenancy. Problems pre-
sented by the long established rules followed in the *Stedfast*
case and in the *Isenberg Bros. Inc.* case are discussed in 1956
Annual Survey of Mass. Law, § 1.1.

The plaintiff's contentions that a relationship of landlord
and tenant between Jordan and the plaintiff arose in 1943
and continued to exist despite the various transfers cannot
prevail in view of the controlling holding in the *Stedfast* case.
Cases relied upon by the plaintiff like *Lindsey* v. *Leighton,*

150 Mass. 285, 286, 288, *Crowe* v. *Bixby*, 237 Mass. 249, 251, and *Connery* v. *Cass*, 277 Mass. 545, 549, involve the assumption by a person, not the owner, of some or all of the obligations of a landlord. The landlord is held to his obligation, even in cases where he later acquires the ownership which he did not have at the time of the letting. That acquisition of ownership by him does not operate to terminate the tenancy at will theretofore existing. These cases do not deal with the termination of an existing tenancy by a conveyance by the landlord, resulting in ownership of the premises by a third person or ownership in which a third person participates. See also *Chapman* v. *Standen*, 302 Mass. 4, 6; *Backoff* v. *Weiner*, 305 Mass. 375, 377; *Skolnick* v. *East Boston Sav. Bank*, 307 Mass. 1, 3; Hall, Landlord and Tenant (Adams and Wadsworth, 4th ed.) § 227. Cf. *Ferrigno* v. *O'Connell*, 315 Mass. 536, 537. The cases relied on by the plaintiff are not to be extended to the different situation found in this case and the *Stedfast* case.

*Exceptions overruled.*