DOROTHY J. MARSH vs. JULIUS GOLDSTEIN & others, trustees.

Suffolk.   March 10, 1960. — May 9, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Landlord and Tenant,* Common steps, Landlord's liability to tenant or one
having his rights, Tenancy at will.

A tenancy at will of an apartment in an apartment house was terminated
when a new owner acquired title to the premises by deed, even though
the tenant had no notice of the conveyance.   [85]

The landlord of an apartment house was under no obligation to a tenant
of an apartment therein to repair cracks between common outside front
steps in the landlord's control and stone walls flanking the steps where
the cracks had existed at the time of the creation of the tenancy and for
many years before, and was not liable to a guest of the tenant for per-
sonal injuries sustained in a fall when the guest's foot caught in weeds
and vegetation growing out of the cracks.   [85]

TORT.   Writ in the Superior Court dated September 30,
1954.

The action was tried before *Brogna, J.*

*Timothy J. McInerney,* (*Lovell S. Spaulding, Jr.,* with
him,) for the plaintiff.

*Walter F. Henneberry,* (*Arthur L. Brown* with him,) for
the defendant.

COUNIHAN, J.   This is an action of tort in which the
plaintiff seeks to recover for personal injuries sustained by
her when she fell on steps in the front of an apartment
house owned by the defendants at 95 Ellington Street, Dor-
chester, on August 28, 1954, between 2 and 2:30 A.M.   A
jury returned a verdict for the plaintiff under leave re-
served.   Subsequently, on motion, the judge entered a ver-
dict for the defendants, subject to the exception of the
plaintiff.   There was no error.

The facts as they appear in the bill of exceptions in their
aspects most favorable to the plaintiff are as follows: These
steps were used in common by all the tenants in the apart-
ment house so that the defendants remained in control of

them.   They were of concrete construction, seven in number, and each of them about four feet wide.   They were flanked on each side by a stone wall which extended from the sidewalk to the top of the steps.   The top of the uppermost step was a platform, leading to six wooden steps which ran to the doorway of the apartment house.

On the evening of August 27, 1954, at about 9:30 or 10 P.M. the plaintiff visited one Walker, who was a tenant on the second floor and had been for about twenty years. She brought some food and a quart of ale with her.   Shortly after she arrived there, Mr. and Mrs. James L. Clark, who were tenants on the third floor, came to visit Walker.   The Clarks and Walker drank the ale while the plaintiff was cooking the food.   After the plaintiff and Walker consumed the food, the four of them sat around talking until about 1 A.M. when the Clarks left for their own apartment. Sometime after the Clarks left the plaintiff telephoned for a taxicab and it arrived between 2 and 2:30 A.M.

The plaintiff left the apartment and as she was walking down the outside steps she fell on the third step from the bottom and was thrown to the sidewalk, receiving injury. She was picked up by the driver of the taxicab and driven to her home.

As she was walking down it was dark and she kept close to the left stone wall at the side of the steps.   After her fall she noticed, because of. a flashlight which the taxi driver threw on the steps, that there were grass, weeds and vegetation growing out of cracks between the edge of the steps and the wall on each side of the steps.   She fell because her foot caught in these weeds and vegetation.   There was evidence that these cracks at the edges of the steps had existed for about ten years and that during the summer months vegetation and weeds grew out of these cracks reaching a height of twelve inches in July, 1954, and a height of seven inches in September, 1954.

There was further evidence that the defendants acquired title to these premises by deed dated April 29, 1954, as trustees under a written declaration of trust.

The plaintiff on the morning of the accident was a social visitor of the tenant, Walker. As such her rights against the landlord are no greater than the rights of the tenant and, if the tenant cannot recover, the guest cannot. *McDermott* v. *Merchants Coop. Bank,* 320 Mass. 425, 426–427. It is settled that a landlord owes to the guests of a tenant the same duty which he owes to such tenant. This duty is to use reasonable care to keep the common passageways remaining in the control of the landlord in the same condition in which they were or appeared to be at the time of the creation of the tenancy. *Stedfast* v. *Rebon Realty Co. Inc.* 333 Mass. 348, 350.

The earlier tenancy at will of Walker was terminated when the defendants acquired title. This was so even though Walker had no notice of the transfer of title. We assume that at about that time a new tenancy with the defendants was created. *Stedfast* v. *Rebon Realty Co. Inc., supra,* at pages 350–351.

We think it plain from the evidence that the structural defects in these steps were the cracks between each side of the steps and the stone wall which created an artificial condition and permitted the weeds and the vegetation to grow through these cracks and onto the sides of the steps. Inasmuch as these cracks had existed for many years and were present when the new tenancy between Walker and the defendants was created, the defendants were under no duty to remedy such defects. *Stedfast* v. *Rebon Realty Co. Inc., supra.*

The plaintiff has not argued other exceptions so we deem them waived.

*Exceptions overruled.*