## John A. Decker *vs.* Mary McManus.

A lessee notified a tenant at will of his lessor that he must quit on or before a certain day, and on that day, without any modification of the notice, or any denial of his right by the tenant, brought an action against the tenant, under the Gen. Sts. *c.* 137, to recover possession. At the trial of the action, without a jury, the judge ruled that the action was prematurely brought, and found for the defendant. *Held,* that the plaintiff had no ground of exception.

ACTION under the Gen. Sts. *c.* 137, to recover possession of a house in Natick. The writ was sued out and served on the defendant on December 22, 1866.

At the trial in the superior court, before *Brigham,* J., without a jury, it appeared that Mary Ritter was the owner of the house; that the defendant had, prior to December 15, 1866, occupied it as tenant at will; that on or before December 15, 1866, Mary Ritter leased the house to the plaintiff for a term of years by a written lease, and that after the execution of the lease the plaintiff caused to be served on the defendant the following notice : " Natick, December 15, 1866. To Mary McManus: You are hereby notified to quit and deliver up the premises now occupied by you [describing them] on or before December 22, 1866, as I have a lease for years of the same premises, or I shall take due course in law to eject you from the same. John A. Decker."

Upon these facts the judge ruled that, under the notice given, the writ was prematurely brought, and found for the defendant. The plaintiff alleged exceptions.

*L. M. Child,* for the plaintiff.

*W. S. Gardner,* for the defendant.

COLT, J. After the termination of the defendant's estate as tenant at will, by the act of the lessor, she was entitled to be informed of the act by which it was terminated, and could not be regarded as a trespasser or liable to a suit for possession until she had reasonable time to remove with her goods from the premises. What is reasonable time must depend upon all the circumstances of the case. In *Pratt* v. *Farrar,* 10 Allen, 519, forty-eight hours were held sufficient to allow a tenant at suffer-

ance to remove from the lower story of a house. Here the time which the plaintiff himself fixed in his notice may be regarded, between these parties and in this case, as establishing what was a reasonable time for removal. While the notice to the tenant, of the termination of the tenancy, would not be allowed to abbreviate by its terms that reasonable time which the law allows, yet, when the party entitled to possession voluntarily names the time within which he requires the tenant to remove, there would be great injustice in allowing him to disregard it and put a party to cost who is without fault.

This case was submitted to the court without a jury, and we see no occasion to disturb the judgment of the court below. *Furlong* v. *Leary,* 8 Cush. 409. *Rising* v. *Stannard,* 17 Mass. 282, 288.

It is not necessary to decide what effect, if any, a revocation by the plaintiff of the time given in the notice, before its expiration, or an express denial of the plaintiff's right by the tenant, and a refusal to remove, would have had upon the result we come to.                              *Exceptions overruled.*