MUSKEGET ISLAND CLUB *vs.* WILLIAM H. PRIOR & another.

Nantucket. January 12, 1917. — September 12, 1917.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To compel removal of permanent structure built by one cotenant on land owned in common. *Joint Tenants and Tenants in Common.*

In a suit in equity to compel a defendant to remove an alleged permanent structure built by him on a part of a small island owned in common by a number of persons, including the plaintiff and that defendant, a master found that the island was "a sandy, treeless, barren spot of only a few acres in extent, some two miles in

length and with an average width of half a mile, and was of little value except for fishing and fowling or for the maintenance of buildings for the shelter, comfort or convenience of those engaged in these and similar sports or occupations," and found that the "building is a substantial structure of wood, resting upon posts, having eleven windows in front and three doors." *Held,* that on the findings of the master it must be taken that the building erected by the defendant was a permanent structure and that accordingly an injunction for its removal must be granted.

BILL IN EQUITY, filed in the Superior Court on July 1, 1912, by the Muskeget Island Club, a corporation, against William H. Prior and Charles A. Prior, seeking the removal from a portion of the Island of Muskeget, owned in common by the plaintiff, the defendant William H. Prior and other persons, of a building erected there by the defendant William H. Prior.

The case was referred to a master "to hear the parties, examine their vouchers and evidence, state the accounts, and make report thereof to the court." The master filed a report containing the findings that are stated in the opinion. Later the case was heard upon the master's report by *Wait,* J., who made a final decree ordering that the master's report be confirmed, that the bill be dismissed as to the defendant Charles A. Prior without costs, and that the defendant William H. Prior forthwith remove his house from the premises described in the bill, that he be restrained permanently from further maintaining such a house and that the plaintiff recover its costs against him in the sum of $24.40. The defendant William H. Prior appealed.

The case was submitted on briefs.

*M. O. Adams & R. O. Harris,* for the defendant William H. Prior.

*H. N. Shepard,* for the plaintiff.

LORING, J. This is an appeal from a decree directing the defendant William H. Prior to remove a building erected by him on land on Muskeget Island owned in common by a number of persons including the plaintiff and that defendant.

The general rule is well settled that each tenant in common has an equal right of entry, occupation and enjoyment, the possession of one being presumed to be the possession of all. In accordance with this general proposition it has been held on the one hand that one cotenant can enter and take crops of the land owned in common, *Silloway* v. *Brown,* 12 Allen, 30, 37, and that he may pile

boards upon such land, *Keay* v. *Goodwin*, 16 Mass. 1, 4. On the other hand the erection of a permanent building on common land by one cotenant is an ouster of the others. *Bennett* v. *Clemence*, 6 Allen, 10. *Bellis* v. *Bellis*, 122 Mass. 414. *Ingalls* v. *Newhall*, 139 Mass. 268. In such a case the building may be removed by a cotenant. *Byam* v. *Bickford*, 140 Mass. 31. This rule was applied in *Capen* v. *Leach*, 182 Mass. 175, where one cotenant brought a bill to enjoin the others from interfering with a granite monument which he had erected on a burial lot owned by him in common with the defendants.

The master has found that the "building is a substantial structure of wood, resting upon posts, having eleven windows in front and three doors." There is no other finding upon the character of the building here in question unless the finding of the master as to the character of Muskeget Island may be thought to have a bearing upon it. The finding upon that point is in these words: "The island of Muskeget . . . is a sandy, treeless, barren spot of only a few acres in extent, some two miles in length and with an average width of half a mile, and of little value except for fishing and fowling or for the maintenance of buildings for the shelter, comfort or convenience of those engaged in these and similar sports or occupations." On the findings of the master it must be taken that the building erected by the defendant William H. Prior was a permanent structure.

It follows that the entry must be

*Decree affirmed with costs.*