Coven, J.
This is a summary process action in which the trial court entered judgment for the plaintiff for both possession of the residential premises in question and $900.00 in damages. The defendant’s Dist/Mun. Cts. R. A D. A, Rule 8C, appeal presents the following three issues: (1) whether the plaintiff could maintain a summary process action by relying upon a notice to quit served by the previous owner, without any assignment of rights; (2) whether the trial judge abused his discretion in denying a stay of execution pursuant to G.L.c. 239, §9; and (3) whether the award of damages was proper.
The record indicates that on September 23, 2000, plaintiff Christos Poutahidis purchased the premises in which defendant Margaret Clingan, as tenant, resided with her children. Prior to the plaintiffs purchase of the property, the defendant had been paying monthly rent as a tenant at will to the former owner. The defendant was served on July 27, 2000 with a no-fault notice to quit by the prior owner. The notice stated that the defendants tenancy at will would terminate on the last day of August, 2000 and that all monies accepted from the defendant would be for “use and occupancy only.”
On November 10,2000, subsequent to his purchase of the property, the plaintiff served upon the defendant the summary process complaint and summons in this action. The plaintiffs complaint alleged that the defendant had failed to vacate the premises and owed, since the passing of title, use and occupancy charges in the amount of $2,250.00. The defendant's answer asserted that the defendant had failed to serve her with a notice to quit, that any arrearage had been paid and that a medical condition prevented her from searching for a new apartment
The trial was heard on November 30, 2000. The plaintiff testified as to the history of his purchase of the property and the passing of title, and the service of the notice to quit by the previous owner. The plaintiff also indicated that the defendant owed the prior owner $2,250.00 at the time of the conveyance of the properly, and owed the plaintiff an additional $2,250.00 at the time of service of the summons and complaint The plaintiff acknowledged, however, that as of the date of trial, the defendant was current in “use and occupancy” payments. The plaintiff had accepted such payments, and had made a specific notation that the payments were accepted for “use and occupancy” and not for rent
While the defendant conceded at trial that the notice to quit served by the prior owner had been received, she raised the issue of the plaintiffs failure to serve a new notice to quit She also introduced into evidence a letter from her doctor which stated that because of the side effects of the defendants current treatment for breast cancer, moving would be deleterious to her health.
*218 1. The defendant’s principal argument is that in order to commence and proceed with a summary process action, the plaintiff could not rely on the notice to quit served by the prior property owner absent an assignment of that owner’s rights.[1] The defendant contends that because she was a tenant at will, the plaintiff was required to terminate her tenancy with a new notice to quit Relying on G.L.c. 186, §13,[2] the defendant argues that the mere conveyance to the plaintiff of title to the properly did not terminate her tenancy at will.
The statute is clear. A conveyance of property does not terminate a tenancy at will. The defendant’s argument, however, is based upon a misunderstanding of the nature of her tenancy at the time of the conveyance of the property. The defendant does not argue that the notice to quit given by the plaintiffs predecessor in title was not proper. Therefore, the tenancy at will which the defendant had with the prior owner ended, as stated in the notice to quit, on the last day of August, 2000. Hodge v. Klug, 33 Mass. App. Ct. 746, 753 (1992), citing Margosian v. Markarian, 288 Mass. 197 (1934). See ¿Iso G.L.c. 186, §12 (“Estates at will may be determined by either party by three months’ notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer.”). Further, there was evidence that between the last day of August, 2000 and the plaintiffs purchase of the property on September 25,2000, the defendant had not paid any rent Thus there is no argument that the plaintiffs predecessor in title re-established the defendants tenancy at will by an acceptance of rent See Corcoran Management Co. v. Withers, 24 Mass. App. Ct. 736 (1987) (unconditional acceptance of rent from a tenant at sufferance may be prima facie evidence of the creation of a new tenancy at will).
In the absence of evidence to the contrary, the defendants tenancy at the time the plaintiff purchased the property was a tenancy at sufferance.
At common law a tenant at sufferance is entitled to no notice of the termination of that status before the landlord moves against him to obtain possession. Kinsley v. Ames, 2 Met 29, 31. See Newman v. Sussman, 239 Mass. 283, 285; Souza v. Becker, 302 Mass. 28, 30. Neither is he entitled by statute to any such notice of termination.
Rubin v. Prescott, 362 Mass. 281, 284 (1972).[3] As stated in Rubin, there is no merit to the contention that “the landlord was required to give [the defendant] written notice of the termination of [her] tenanc[y] at sufferance before starting the present proceeding against [her].”
The occupant is, however, entitled to a reasonable period to remove himself or *219 herself from the premises. To this end, “it is... customary to give the occupant reasonable notice.” G.E. WARD, MASSACHUSETTS LANDLORD-TENANT PRACTICE: LAW AND FORMS §1-5, p. 11 (Michie 1996). We are satisfied, on our review of the record, that the defendant had sufficient notice of the plaintiffs intention to gain possession of the property and a reasonable opportunity to vacate. Moreover, any deficiency in the time afforded would not be a jurisdictional bar, but merely grounds to assert a defense. Lash v. Ames, 171 Mass. 487, 490 (1898).
2. The defendant occupied the apartment with her son, her daughter and her foster child. The unchallenged medical evidence at trial was that the defendant suffers from aggressive breast cancer and is currently undergoing extensive chemotherapy and radiation treatment According to the defendants physician, the side effects of the treatment include fatigue, pain and a substantial decrease in the ability of the body to fight off infections. The defendants physician opined that the stresses associated with an eviction would have an adverse impact on the defendants health. The defendant herself testified that her illness and treatment made it difficult for her to seek new housing.
No evidence was offered to suggest that the plaintiff would be prejudiced by the grant of any stay. At the time of trial, all use and occupancy charges had been paid.
Section 9 of G.L.c. 239 authorizes a judge to grant a stay of execution, in an action for an eviction without fault, where the occupant is handicapped.[4] The undisputed medical evidence and testimony in this case established that the defendant qualified for a stay as a handicapped person as that term is defined in §9 because she “(b) has a physical... impairment... which significantly limits such person’s ability to seek new housing.”
The purpose of the statute authorizing the grant of a stay of execution is to “mitigate hardships to tenants, and at the same time to protect adequately the rights of the owner of the premises.” Opinion of the Justices, 321 Mass. 772, 774 (1947). While the decision to grant a stay of execution is discretionary and necessarily entails a consideration of the interests of both parties, we have commented that “the legislative purpose and policies underlying [G.L.c. 239, §9] appear to mandate a judicial thumb on the scale of any balancing of interests in favor of the tenant” LoRusso v. Talbot, 1999 Mass. App. Div. 301, 304. Given the absence in this case of any prejudice to the plaintiff and the probability of physical harm to the defendant the trial judge should have allowed the defendant’s request for a stay of execution.[5]
Because a G.L.c. 239, §9 stay may be granted, in the case of a handicapped person, for a period of up to one year, the issue of the length of the stay is to be first addressed by the trial court
3. The evidence indicated that all use and occupancy charges had been paid at the time of trial. The unexplained award of $900.00 in damages was error.
*220 Accordingly, the trial courf s judgment for the plaintiff in the amount of $900.00 is hereby vacated. The courf s judgment for possession is affirmed, but its denial of the defendants request for a stay of execution is reversed. The matter is returned to the trial court for consideration of the length of the stay to be granted to the defendant
So ordered.

 As previously noted, this case involved a no fault termination of the defendant’s tenancy. Under our common law, where a tenancy is terminated for cause, a purchaser of properly may not rely upon a notice to quit that was served prior to the conveyance by the predecessor in title. The right that was vested in the prior owner is not assignable. See DAHER AND CHOPP, LANDLORD AND TENANT LAW §16.28 (3d Ed. 2000); HALL, MASSACHUSETTS LAW §131 (4th ed. 1949) .

 That statute provides, in pertinent part “A tenancy at will of property occupied for dwelling purposes shall not be terminated by operation of law by the conveyance, transfer or leasing of the premises by the owner or landlord thereof.”

 Historically, a statute prior to G.L.c. 186, §12 (i.e., St 1825, c. 89, §4) did “provide that tenants at sufferance, as well as tenants at will, should have notice to quit” Kelly v. Waite, 53 Mass. (12 Met) 300, 302 (1847). The removal of the requirement of notice to a tenant at sufferance was intentional. Id.

 Pursuant to §9, a person is handicapped if he or she: “(a) had a physical or mental impairment which substantially limits such person’s ability to care for himself, perform manual tasks, walk, see, hear, speak, breathe, learn or work; or (b) has a physical or mental impairment which significantly limits the housing appropriate for such person or which significantly limits such person’s ability to seek new housing; or (c) would be eligible for housing for handicapped persons under the provisions of chapter one hundred and twenty-one B.”

 We reiterate that the summary process action was not brought for cause. While the defendant owed the plaintiff use and occupancy charges at the time of service of the complaint, the action itself was brought to regain possession of the premises from a tenant at sufferance. The plaintiffs position as to the reason for commencing suit excludes fault Thus the exception to the application of G.L.c. 239, §9 for cases involving nonpayment of rent is irrelevant here. The plaintiff has not briefed this or any other issue.