Singh, J.
Defendant Colleen A. Kelley (“Kelley”) remained in possession of property she owned with her siblings after the Norfolk Probate and Family Court had ordered partition and authorized plaintiff Peter J. Aloisi, as Commissioner (“the commissioner”), to sell the property and evict Kelley, if necessary.
After the Quincy District Court dismissed this summary process eviction action by the commissioner, the commissioner filed this appeal. We affirm the dismissal.
Kelley’s father died in 2001. His will devised a certain property in Weymouth to his children, including Kelley. At the time, Kelley lived on the property and refused to vacate. As a result, in September, 2007, her siblings brought a petition for partition in the Norfolk Probate and Family Court. Kelley did not appear in the case, and judgment was entered against her. As noted, the commissioner was appointed to sell the property.
On August 29, 2008, the commissioner moved the probate court to authorize him to evict Kelley. On October 9, 2008, the probate court authorized the commissioner “to evict or cause the eviction of Colleen A. Kelley from the subject property, if necessary.” The court also appointed a guardian ad litem for Kelley. By letter of October 20,2008, copied to the guardian ad litem, the commissioner informed Kelley that he had obtained court authorization to evict her; and that she should contact him or the guardian ad litem, or he would bring a summary process action. By letter of November 4, 2008, copied to the guardian ad litem, the commissioner informed Kelley that he would be bringing a summary process action to evict her because she had failed to respond to his earlier letter.[2]
On November 7, 2008, the commissioner served Kelley with a summary process summons and complaint alleging: ‘The Norfolk County Probate Court has ordered the Plaintiff to make partition and sale of the subject property and to cause the eviction of Defendant since she refuses to vacate.” Kelley failed to answer or appear on the December 4,2008 trial date in Quincy District Court.[3] The guardian ad litem did *208 appear,[4] however, and requested that execution not issue until February 1, 2009 so that Kelley would have enough time to move. The commissioner filed a military affidavit on January 8, 2009, followed by a motion to have execution for possession issued on January 13, 2009. At the January 22, 2009 hearing on the motion, counsel for the commissioner submitted the probate court’s order authorizing the eviction. The trial court directed counsel for the commissioner to submit a memorandum of law and took the matter under advisement.
By memorandum of decision dated February 2,2009, the trial court held that the “probate court’s allowance of the eviction of the defendant was conditional. It was authorized only if necessary. Until that showing was made, defendant retained an interest in the property.” The trial court also found that the commissioner’s complaint was defective in that “No notice of a necessity to vacate the premises was provided the defendant.”
The commissioner contends on this appeal that the trial court erred in dismissing the complaint because (1) Kelley was a tenant at sufferance who was entitled to no notice prior to eviction, and (2) the Norfolk Probate and Family Court order did not require notice prior to eviction.
At all times prior to the probate court’s decision to partition the property by sale, Kelley occupied the property by permission or right. Prior to his death in 2001, Kelley’s father had allowed her to live at the property without the payment of any rent or consideration. Kelley’s occupation of the property at that point was, at most, a “gratuitous tenancy.” See West v. First Agricultural Bank, 382 Mass. 534, 541-542 (1981) (where no rent was paid or demanded, tenant held “gratuitous tenancy”). After her father’s death in 2001, Kelley held a one-seventh interest in the title of the property, as a tenant in common with her siblings. For the six-year period from 2001 through the commencement of this case in 2007, Kelley occupied, enjoyed, and possessed the property by right as a tenant in common, with protection against exclusion or ouster by her siblings. See Hershman-Tcherepnin v. Tcherepnin, 452 Mass. 77, 90-91 (2008) (stating that each cotenant “has an equal right of entry, occupation and enjoyment,” and that “a tenancy in common, by its very nature, protects each cotenant from exclusion or ouster”). See also Muskeget Island Club v. Prior, 228 Mass. 95, 96 (1917).
As the trial court noted, Kelley retains her ownership interest in the property until the actual execution of the sale ordered by the probate court. See Cowden v. Cutting, 339 Mass. 164, 169-170 (1959) (conveyance, not court’s order to commissioner to partition by sale, operates to transfer property). We reject the commissioner’s argument that Kelley is, or at any relevant point prior to the summary process action ever was, a tenant at sufferance.
While the tenancy in common protects Kelley from exclusion or ouster by her siblings, it also affords those siblings, as her cotenants, the absolute right to partition. See Hershman-Tcherepnin, supra at 9192. “ [E] ach cotenant is potentially vulnerable to being divested of his possessory interest in the property if another cotenant seeks partition and a physical division of the property is inconvenient or nonadvantageous” *209 (emphasis added). Id. at 92. Upon the filing of the petition for partition in 2007 by her cotenants in common and the probate courfs decision to partition by sale, Kelley became vulnerable to being divested of her possessory interest in the property.
Both the commissioner’s October 9, 2008 motion and the probate court’s allowance of that motion specified the commissioner’s authority to evict Kelley “if necessary.” It is within a probate court’s power to confer its discretion upon a commissioner in a partition by sale context to take any “reasonable actions to maximize the value” of the property being sold. See Morgan v. Jozus, 67 Mass. App. Ct. 17, 23 (2006) (affirming probate court’s order that commissioner “take any and all reasonable actions to maximize the value” after court had determined that partition be by sale and set minimum price). In this case, the commissioner alleged that terminating Kelley’s occupancy was necessary for the marketability of the property because her removal would maximize the value of the property.[5] Given the probate court’s ability to confer its discretion upon the commissioner, we do not construe the words “if necessary’ as a limitation, or as imposing a condition, on the eviction authority given to the commissioner. If the probate court had intended to grant that authority on the condition of a showing of necessity for eviction, it would have required the commissioner to demonstrate such necessity before allowing his motion. Rather, we conclude that the phrase “if necessary” confers discretion upon the commissioner to evict Kelley if he finds it necessary. The order implies that the commissioner has the authority and discretion to divest Kelley of her possessory interest in the course of preparing the property for sale and maximizing its value.
Having established the nature of Kelley’s possessory interest and the commissioner’s authority to divest Kelley of it, we consider the validity of the summary process complaint. A tenant in common may be subject to a summary process action to evict where his possessory interest is rightfully divested. See Samra v. Yuan, 40 Mass. App. Ct. 934, 936 (1996) (occupant’s one-third interest in property did not prevent plaintiff-executor from maintaining summary process action to evict). In cases where an occupant’s possession is rightful, notice is required to divest his possesso-ry interest before a summary process action may proceed. See G.L.c. 186, §12 (establishing statutory notice requirements to terminate estates at will); West, supra at 541-542 (fourteen-day notice to quit adequate to terminate gratuitous tenancy). Cf. Rubin v. Prescott, 362 Mass. 281, 284 (1972) (tenant at sufferance, a wrongful possessor, not entitled to any notice of termination before landlord’s action for possession); Poutahidis v. Clingan, 2001 Mass. App. Div. 217, 218. Rule 2(d)(2) of the Uniform Summary Process Rules requires that a copy of such notice be filed with the trial court clerk before a summary process action may be entered.
In his affidavit in support of his motion for an execution for possession, the commissioner represented to the court that he had sent Kelley and her guardian ad litem two letters, dated October 20, 2008 and November 4, 2008; that the first letter noti- *210 fled Kelley that the probate court allowed the motion and asked her to contact him under threat of summary process action; and that the second letter notified Kelley that the commissioner would file a summary process complaint to evict her because the commissioner did not receive a response to his first letter. None of these representations establishes the necessary prerequisites to this summary process action, namely, that the commissioner exercised his authority to divest Kelley of her posses-sory interest and issued notice to her of that divestment. Rather, Kelley was in the same position after the commissioner’s correspondence as she had been since the probate court’s decision to partition by sale. She remained a cotenant in possession vulnerable to the divestment of her possessory interest. Absent any notice of divestment, the complaint in this action failed to comply with Uniform Summary Process Rule 2 (d)(2).
Accordingly, the trial court’s dismissal of this action on the basis of the defective complaint is affirmed.
So ordered.

 We have relied on the commissioner’s representations as to the content of his letters because he failed to include copies of the letters in the record on this appeal.

 Counsel for the commissioner indicates that Kelley was defaulted on the day of trial. No such default is recorded on the trial court docket.

 The guardian ad litem did not, however, enter an appearance for Kelley in the summary process action.

 In his affidavit in support of his motion for an execution for possession, the commissioner alleged: “Each room [of the property] contains an enormous amount of content and clutter which has accumulated over many years, and as such, it cannot be listed for sale or shown for public auction until such time the Defendant vacates the property.”