Coven, J.
The issue on appeal in this summary process case is whether the tenancy was properly terminated. Judgment was entered for the plaintiff, Elinor D. Lavelle (“Elinor”), upon the allowance of her Mass. R. Civ. R, Rule 56, motion for summary judgment. The defendant, Joseph Lavelle (“Joseph”), has appealed claiming that he was a tenant at will and was entitled to the requisite statutory notice to quit.
Joseph lived with his mother, Elinor, in her home until September, 2010, when she was transferred to a long-term care facility. Joseph has never paid any rent to reside in his mother’s home. Nor has he paid any utilities or other expenses.
On December 10,2010, Joseph was served with a notice to quit. The notice stated: “Notice is hereby given to you pursuant to the provisions of Chapter 186, Section 12 of the Massachusetts General Laws.” It also stated that “any tenancy you may have is hereby terminated as of January 31, 2011.” The notice was addressed to Mr. Joseph Lavelle. This summary process action was commenced in July, 2011. Elinor successfully moved for summary judgment in September, 2011.
If a notice to quit improperly states the day upon which the tenancy is to be terminated, then the mistake is critical and the notice is deemed “fatally defective.” Oakes v. Munroe, 62 Mass. 282, 287 (1851). Tenancies at will “may be determined by three months’ notice in writing for that purpose given to the other party.” G.L.C. 186, §12.[1] It is undisputed that Joseph was given less than three months to vacate.
A tenancy at will is a relationship based on an agreement between parties, either express or implied, for one to.use or occupy the premises of another. Rubin v. Prescott, 362 Mass. 281, 284 (1972). As it is contractual, a tenancy at will requires consideration and the consent of both parties. Miller v. Berk, 328 Mass. *151 393, 397 (1952). While usually in the form of rent, any consideration that would support a contract is sufficient to create a tenancy at will. Story v. Lyon Realty Corp., 308 Mass. 66, 70 (1941).
Further, a distinguishing factor of a tenancy at will is the “inherent quality” that it can be terminated by either party at any time, given sufficient notice as specified by statute. Ferrigno v. O’Connell, 315 Mass. 536, 537 (1944). Moreover, a tenant at will has a right to exclusive possession of the premises until termination. Gaertner v. Donnelly, 296 Mass. 260, 261-262 (1936). These characteristics distinguish a tenancy at will from a gratuitous tenancy or a tenancy at sufferance.
There is no evidence in this case to indicate that an agreement existed between the parties to form a tenancy at will. The only suggestion of such a relationship is the notice to quit that invoked G.L.c. 186, §12, which explicitly refers to estates at will. However, the mere service of a document upon another party cannot create a new tenancy. See Maguire v. Haddad, 325 Mass. 590, 593-594 (1950). With no evidence to suggest a meeting of the minds between the parties, no tenancy at will was created.
Additionally, there is no evidence of consideration exchanged for Joseph’s use of the premises in question. Joseph does not pay rent or other expenses such as electric bills, telephone bills, or mortgage payments. Compare Ducker v. Ducker, 1997 Mass. App. Div. 147, 149 (sufficient consideration for tenancy at will existed when defendant paid residential taxes, homeowners insurance, and utility bills), with Griffin v. Cogliano, 2002 Mass. App. Div. 55, 58 (payments for telephone and electricity bills during eleven-month period did not constitute consideration for tenancy at will). Because Joseph’s financial contributions fall on the short end of this spectrum, there was inadequate consideration to establish a tenancy at will.
Further, there is no indication that Joseph had exclusive possession of the premises. Prior to his mother’s transfer to a long-term care facility in September, 2010, Joseph resided with her. A notice to quit was then served within two months of her departure. While Joseph may have been the only person residing on the premises at that time, the notice to quit and this subsequent action clearly suggest that he did not do so with the permission of the owner, his mother.
If Joseph had any form of tenancy it was of a gratuitous nature. See e.g., West v. First Agric. Bank, 382 Mass. 534, 541-542 (1981) (gratuitous tenancy existed where there was no exchange of rent or consideration and defendant adequately served under G.L.c. 186, §12); Aloisi v. Kelley, 2009 Mass. App. Div. 207, 208 (daughter who continued to live on her father’s land after his death had “at most” a gratuitous tenancy). Like the defendant in Aloisi, Joseph did not come to an agreement for consideration with his mother to create a tenancy at will, nor did *152 he have an exclusive right to possession prior to receiving the notice to quit The notice to quit issued to Joseph was sufficient.[2] See West, supra at 542 (a fourteen-day notice to quit was “adequate to terminate immediately a gratuitous tenancy.”).
The motion for summary judgment was properly allowed. Judgment affirmed.

 Where the tenant pays rent in periods less than ninety days, the notice to quit must be “equal to the interval between the days of payment or thirty days, whichever is longer.” G.L.c. 186, §12. If a tenancy is based on nonpayment of rent, a fourteen-day notice to quit is sufficient. Id.

 A notice to quit becomes effective when it is received by the intended party. May v. Rice, 108 Mass. 150, 152 (1871). Joseph does not contest that he received the notice in a timely manner. Nor does he claim he was confused as to whether it applied to him. Nothing in the record would support any claim that Joseph was not properly notified.