Pierce, J.
On this appeal, we consider whether and to what extent a landlord is required to give notice to a tenant at sufferance before proceeding with an eviction action. The following facts are taken from the appellate record.
On June 10, 2010, the defendant-appellant, Raisa Postoronka (“Postoronka”), entered into a lease agreement with the plaintiff-appellee, Homer Apartments, LP, by Harold Brown, its General Partner (the “landlord”), for an apartment at 66 Homer Street in Cambridge. By its terms, the lease began August 1, 2010 and expired August 31, 2011, with a monthly rent of $1,550.00. On April 6, 2011, the parties agreed to extend the lease for six months, until February 28,2012. On December 9, 2011, the landlord forwarded to Postoronka an offer to extend the lease for an additional year, with a rent increase to $1,575.00. Postoronka did not respond. On January 23, 2012, the landlord forwarded another letter to Postoronka, reminding her that the lease was due to expire at the end of February and stating that if Postoronka did not contact the landlord by January 31, the apartment would be deemed “available” and shown to prospective tenants. Again, Postoronka did not respond.
On January 26, 2012, the landlord again wrote to Postoronka, offering to extend the lease for a year, with a rent increase to $1,600.00. This time Postoronka responded by returning the letter, with the lease expiration date changed to August 31,2012 and the rent changed from $1,600.00 to $1,550.00. On February 21, 2012, the landlord hand-delivered a letter, identical to that sent January 26, with a “Renewal Amendment to Lease” attached. Here again, Postoronka changed the proposed lease term from twelve to six months and the rent from $1,600.00 to $1,550.00. Postoronka also wrote across a copy of the amendment, “DECLINED R.P.” At trial, Postoronka produced a copy of a handwritten letter, allegedly written to the landlord, stating that she never received the December renewal offer, acknowledging receipt of the February offer, explaining the changes to the lease term, and stating her inability to pay more than $1,500.00 in rent. In the letter, Postoronka also complained that the landlord had failed to fix a plumbing problem at the apartment.
On March 1, 2012, the landlord served by constable a letter confirming that the tenancy had ended February 29. This letter advised Postoronka that if she did not vacate the premises within forty-eight hours, the landlord would proceed with an *7 eviction action. Discussions between the landlord and Postoronka ensued, as a result of which the landlord forwarded an offer to extend the lease for six months, with a rent increase to $1,600.00. Postoronka returned that offer with the handwritten notation, “DECLINED R.P.” Postoronka paid no rent in March, April, and May, 2012.
On April 2, 2012, the landlord filed a summary process summons and complaint in the Cambridge District Court seeking to evict Postoronka based on her failure to vacate the property upon expiration of the lease. A jury-waived trial was conducted on May 10, 2012, after which judgment was entered for the landlord for possession and damages in the amount of $4,672.51. On June 19,2012, the trial court stayed the execution until June 30, at which time Postoronka vacated the premises.
At trial and on this appeal, Postoronka challenges the sufficiency of the notice provided by the landlord prior to commencing the eviction action. The lease was due to expire on February 28, 2012. In early December, 2011, the landlord offered to extend the lease for an additional year, with a rent increase. In January, the landlord twice wrote to Postoronka, again offering to extend the lease. Postoronka’s responses to those conditional offers to extend constituted counteroffers to continue the lease without a rent increase. Where, as here, a tenant initiates the negotiation of new or different lease terms, there is always the risk that the negotiations will not end in agreement. See Qureshi v. Fiske Capital Mgt., 59 Mass. App. Ct. 463, 468 (2003). The landlord was free either to accept or to reject Postoronka’s counteroffers. There is no dispute that the landlord chose the latter. Therefore, as of March 1, Postoronka’s status was that of a tenant at sufferance. See Ames v. Beal, 284 Mass. 56, 59 (1933) (tenants who continued in possession after expiration of lease term became tenants at sufferance).
The landlord is correct that a tenant at sufferance has no right, at common law or by statute, to any specific notice to quit. Margosian v. Markarian, 288 Mass. 197, 199 (1934). The landlord is not correct, however, that a landlord may proceed with an eviction action against a tenant at sufferance, without any constraints. As stated by this Division in Poutahidis v. Clingan, 2001 Mass. App. Div. 217: “[A tenant at sufferance is] entitled to a reasonable period to remove himself or herself from the premises.” Id. at 218-219. See Lash v. Ames, 171 Mass. 487, 490 (1898) (tenant at sufferance entitled to reasonable time to remove goods). The tenant must be afforded a fair opportunity to remove personal property and to avoid being the subject of an eviction action, with liability for resulting costs. W.E. HARTWELL, RESIDENTIAL LANDLORD-TENANT BENCHBOOK, at 8 (Flaschner Jud. Inst. 2005). What constitutes a reasonable period will depend upon consideration of all the circumstances of the case. See Decker v. McManus, 101 Mass. 63 (1869).
We are mindful that Postoronka lived at the property with other family members, including a child with disabilities. But, as noted, the landlord first wrote on December 9,2011 to remind Postoronka that the lease would expire in approximately eleven weeks and to offer a lease extension, with a rent increase. A second notice was sent on January 23, 2012. Further notices, proposing a larger rent increase, but otherwise identical to the first notice, were sent on January 26 and February 21, 2012. On at least two occasions, Postoronka rejected the landlord’s proposed extensions. On February 29, 2012, the lease expired. A notice to vacate within forty-eight hours followed. The summary process action was filed on April 2, and a trial was con *8 ducted on May 10. On June 14, the trial court issued an execution with notice to vacate the property by June 19. Thereafter, the eviction was stayed until June 30.
We need not and do not rule on the adequacy of the forty-eight hour notice standing alone. Taken as a whole, including all of the communications in December, January, and February, we find that Postoronka was provided reasonable notice and that she had an adequate opportunity to vacate the premises. Accordingly, the judgment in favor of the landlord is affirmed.
So ordered.